**INDUSTRIAL SHOE MACHINERY CORP., Plaintiff,**

v.

**ACCURATE SHOE MACHINES, INC., Defendant.**

**Civ. A. No. 65–681.**

United States District Court
D. Massachusetts.

Jan. 18, 1968.

Arthur J. Hanflig, Herbert P. Kenway, Kenway, Jenney & Hildreth, Martin W. Cohen, Boston, Mass., for plaintiff.

Lawrence P. Benjamin, Lexington, Mass., Vincent Galvin, Boston, Mass., for defendant.

OPINION

FRANCIS J. W. FORD, District Judge.

Plaintiff brings this action for a declaratory judgment that a certain machine which it manufactures does not infringe U. S. Patent 3,064,460 and that

said patent is invalid. Defendant counterclaims for a declaratory judgment that the patent is valid and is infringed by plaintiff's machine.

The patent in suit is concerned with one step in the process of shoe manufacturing, that of preparing the outer sole for attachment to the lasted shoe. One common method of attaching such soles is by means of cement. Especially in the case of women's shoes, it is thought desirable to bevel the outer margin of the sole before attachment to produce a more delicate and graceful appearance. It is also necessary to roughen the beveled margin so that a more satisfactory adhesive bond may be secured. Numerous machines have been devised for · beveling and roughening soles, either separately or in a combined operation.

The Dziadulonis patent No. 3,064,460 is for a machine to perform a combined beveling and roughening operation. Basically it accomplishes this result by using a helical feed wheel to engage the sole and move it against guide rolls which position the edge of the sole as it moves laterally across the edge of a revolving circular saw which passes through an opening in a flat table on which the sole has been placed. The saw can be raised or lowered with respect to the table to vary the depth of the bevel produced.

Small patent No. 2,577,371 is for a method of simultaneously performing the beveling and roughing operations. The machine manufactured by plaintiff is also designed to perform these operations. The general structure of these three machines is the same. So far as is significant here, the only important difference is in the means used to perform the actual beveling and roughing. Dziadulonis shows the use of a circular saw, Small shows the use of a band saw, and plaintiff uses a grinding wheel. Thus the issues of infringement and validity are confined to a consideration of the effect of the substitution of one of these elements for another in a machine otherwise of the same general structure.

With the differences between these three machines thus confined to variation of a single element, defendant here labors under a disadvantage. If the claims of its patent are to be narrowly construed so as to hold that use of one type of saw instead of another constitutes invention over the Small patent, then it is difficult to see how use of a grinding wheel instead of a saw by plaintiff would constitute infringement. Conversely, broadening defendant's claims to cover the plaintiff's grinding wheel would make it difficult to hold the Dziadulonis patent valid over the prior art.

Dziadulonis claims the use of a cutter, described more fully in his claims as "a circular saw" or "a rotatable circular cutter having cutting teeth on its edge." Cutting and grinding are different operations. An abrasive wheel is commonly regarded as being something different from a saw. It would be stretching language too far to hold that because plaintiff's grinding wheel has a surface composed of tiny particles of tungsten carbide which have sharp edges, that this makes the wheel the equivalent of the saw or cutter claimed by Dziadulonis.

Moreover, the use of an abrasive wheel for beveling and roughing operations was old in the art. The Kelly patent No. 2,656,555, pointed out the fact that a grinding wheel worked well on certain types of sole material, such as rubber, while a different type of cutter was preferable for use on leather. Plaintiff's machines are manufactured and sold for use on rubber soles. What plaintiff has done is to take from the prior art the general structure of the Small machine, and substitute for one element of it, another element, the grinding wheel, already known to the prior art as being even better adapted than a saw for the particular use on rubber soles for which its machine is intended. Clearly this constitutes no infringement of the Dziadulonis patent.

As has been said, the Dziadulonis machine differs from that shown in the

earlier Small patent only in the use of a circular saw instead of a band saw. Both band and circular saws were well-known long before either of these patents. In fact, Dziadulonis testified that he constructed his prototype machine by making a feeding mechanism similar to that shown by Small and placing this over a commercially produced circular saw of the type commonly found in home workshops. Not only was the circular saw well-known, but its use as a cutting instrument for beveling and roughing soles had already been pointed out. The Kelly patent, supra, calls for the use of a rotating fluted edge trimming cutter, and the Bazzoni patent No. 2,104,113 teaches the use of a rotary coarse-toothed saw-like cutter. The Dziadulonis machine is thus a combination of elements from the prior art, producing the same results by the same mode of operation.

Defendant contends that his machine does have one advantage over the Small machine in that the Dziadulonis machine produces a bevel with a slightly concave surface. The testimony at trial was conflicting as to whether this was an advantage or a disadvantage. On this evidence the court cannot find that this feature was useful or advantageous. In any event, earlier machines such as those of Bazzoni, supra, and the Fossa patent No. 2,094,120 had a cutter which produced a concave bevel. Moreover, this feature was merely mentioned by Dziadulonis in his specification with no indication that it had any useful value or that it was one of the claimed advantages of his device. The present reliance upon it seems to come merely as an afterthought.

The conclusion must be that the patent in suit is invalid for lack of invention over the prior art, and particularly over the Small patent.

Judgment will be entered declaring that Dziadulonis U. S. Patent No. 3,064,-460 is invalid for lack of invention over the prior art, and that it is not infringed by the reducer-rougher machine now being manufactured by plaintiff.